IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

MARKEITH GIVENS,                              08CV05012

      PLAINTIFF,

      Vs

THE CITY OF NEW YORK, a                       COMPLAINT
municipal entity, NEW YORK CITY               [JURY TRIAL DEMANDED]
POLICE OFFICERS "JANE DOE"
and "JOHN DOES", all of the
identified and non identified
persons in their individual and
in their official capacities,

      DEFENDANTS.
_____

## I.  INTRODUCTION

   1.  This litigation arises out of the Plaintiff's arrest on September 16, 2007 at or about 3:30 A.M. in the vicinity of Morris Avenue and East 170th Street, Bronx, New York and the subsequent detention and incarceration of Mr. Givens until his release from Police custody several hours later. On November 30, 2007, the charge which had been preferred against the Plaintiff in association with his arrest was dismissed.

   2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

   3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

   4.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

   5.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and arising under the law and statutes of the City and State of New York.

6. The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction. The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

7. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

8. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

### III. JURY DEMAND

9. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### IV. THE PARTIES

10. The Plaintiff is an American citizen and resident of the City of New York, State of New York, and the County of the Bronx.

11. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

12. Defendants "Jane Doe" and "John Does" are New York City Police Officers and agents and employees of the City of New York. Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

### V. FACTS COMMON TO ALL CLAIMS

13. The Plaintiff is Markeith Givens.

14. This is a litigation which arises out of the Plaintiff's arrest on September 16, 2007 at or about 11:30 P.M. in the vicinity of Morris Avenue and East 170th Street, Bronx, New York and the subsequent dismissal of the charge proffered against the Plaintiff on November 30, 2007.

15. The Plaintiff is a resident of the Bronx, New York.

16. The Plaintiff's birth date is December 12, 1976. The Plaintiff is thirty-one [31] years of age.

17. The Plaintiff is an American citizen.

18. The Plaintiff resides at 350 East 143rd Street, Bronx, New York 10454.

19. At all times relevant to this action, Defendants "Jane Doe" and "John Does" were police officers employed by the New York Police Department ("NYPD") and involved in the unlawful arrest, excessive force used, unlawful imprisonment and deprivation of rights suffered by the Plaintiff.

20. Defendants "Jane Doe" and "John Does" were Police Officers present at the time and place of occurrence of the unlawful acts underlying this litigation, but whose names are currently unknown to and undiscoverable by plaintiff. The plaintiff will amend this complaint to state the true name of these "Jane Doe" and "John Does" as soon as possible.

21. Upon information and belief these unidentified defendants were also responsible for the assault, unlawful arrest, excessive force, false imprisonment, physical and emotional injuries suffered by the Plaintiff.

22. Upon information and belief, at all times relevant, all individual defendants were operating and acting in their official capacity as agents of New York City.

23. Upon information and belief, that at all times hereafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

24. Upon information and belief, that at all times hereafter mentioned, defendants NEW YORK CITY, its agents, servants and employees, including the NYPD, operated, maintained, controlled and trained the Defendants "Jane Doe" and "John Does," all of the unidentified individual Police Defendants.

25. Upon information and belief, each defendant is, and at all times relevant was, the agent, employee or representative of each other defendant. Each defendant, in doing the acts, or omitting to act as alleged in this Complaint was acting within the scope of his or her actual or apparent authority, or the alleged acts and omissions of each defendant, as agent, subsequently were ratified and adopted by each other defendant as principal.

26. During all times relevant in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, charter, ordinances, rules, regulation, customs and usage's of New York City and the State of New York.

27. The incident, which gives rise to this litigation, commenced on September 16, 2007 when the Plaintiff was arrested without probable cause and assaulted by members of the NYPD in the vicinity of Morris Avenue and East 170th Street, Bronx, New York. Subsequent to the arrest, the Plaintiff was detained and imprisoned in custody for several hours, prior to being released without verbal or written explanation of the charges against him.

28. On November 30, 2007, the Plaintiff was forced to appear in Criminal Court. He was informed by the court clerk that the charge which had been preferred against him had been dismissed because the NYPD had failed to file a legally acceptable accusatory instrument.

29. The Plaintiff, along with two friends, was walking from one of his friend's mother's home to a convenience store at the time of his arrest.

30. Two of the individual defendants, "Jane Doe" and one "John Doe," who were driving and riding in an NYPD patrol car passed the Plaintiff and his friends as they walked to the convenience store.

31. After passing the Plaintiff and his two friends, the patrol car containing the above-referred "Jane Doe" and one "John Doe," made a one hundred eighty degree turn and stopped near the Plaintiff and his friends.

32. The two above-referred officers stepped out of the vehicle, inquired as to the Plaintiff and his friends' purpose in their walk, and after the Plaintiff and his friends replied, "Jane Doe" ordered them to stand against wall.

33. While "Jane Doe" ordered the Plaintiff to produce identification and the Plaintiff searched for same, several more NYPD patrol cars arrived, with several "plain clothes" police officers among those present.

34. One of the "plain clothes" police officers, also a "John Doe" defendant, ordered "Jane Doe" to arrest the Plaintiff because he was taking too much time to produce his identification.

35. Before the Plaintiff could produce his identification, he was handcuffed and placed in the back seat of an NYPD patrol car.

36. When the Plaintiff was detained and arrested, he had no contraband or weapons or drugs in his possession.

37. The NYPD patrol car took the Plaintiff to the 44th Precinct where he was detained in custody without processing.

38. The Plaintiff, while still in handcuffs, was pushed in the back and onto the floor of a prison cell by officer "Jane Doe," falling forward into the cell from the force of her push and sustaining a cut on his left wrist.

39. While the Plaintiff was still recovering from his fall on the floor of the cell, he was hit with batons to his knees and shocked by a police stungun/ taser in his right leg and then again in his left leg.

40. The Plaintiff was in shock and dismay as he did not know why he was being pushed and shocked.

41. The Plaintiff was rendered unconscious by the two stungun/ taser shocks.

42. Upon regaining consciousness, the door to the cell occupied by the Plaintiff was opened and he was told to leave.

43. After leaving the precinct, the Plaintiff found a disorderly conduct summons stuffed in his jacket pocket.

44. The Plaintiff did not engage in disorderly conduct, harassment or resisting arrest or any other unlawful act as he was simply proceeding from his friend's mother's home to a convenience store in an orderly and peaceable manner.

45. It is believed that the Plaintiff was part of a New York City Police Department field operation which was undertaken by the police and which caused the Plaintiff to be arrested and taken into custody although the Plaintiff had not done anything which any reasonable person, including law enforcement agents, could have reasonably and objectively believed to have been criminal in nature or otherwise unlawful in nature.

46. The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense under the law to justify his stop, detention, and custodial arrest or the subsequent search to which he was subjected in association with his arrest and detention and imprisonment.

47. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

48. The unlawful actions and conduct of the New York City Police Officers were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

49. There was no probable cause for the arrest of the Plaintiff. There was no basis, even, for a stop and detention.

50. The Plaintiff was unreasonably stopped and detained and thereafter falsely arrested and imprisoned and was subjected to excessive, unreasonable and unnecessary force in the form of his handcuffing, as well as the push into the cell and subsequent stungun/ taser shocks.

51. Rather than being processed, the Plaintiff was excessively, unnecessarily, and unreasonably detained in custody and then released with a summons that was placed in his pocket while he was unconscious.

52. It is believed that the actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means."

53. Such crime offense enforcement initiative propels officers to make arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

54. The Plaintiff was unlawfully stopped, detained, assaulted, falsely arrested and subjected to excessive and unnecessary force and subjected to an unnecessary and unreasonable and excessive detention, and to malicious abuse of criminal process for no legitimate purpose.

55. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

56. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including the stop and detention of the Plaintiff, the false arrest and imprisonment of the Plaintiff, the assault and battery of the Plaintiff, the excessive detention of the Plaintiff, the malicious prosecution of the claim and the malicious abuse of criminal process employed against the Plaintiff.

57. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

58. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, embarrassment, humiliation, psychological trauma and physical pain and suffering.

59. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

60. The Plaintiff has no other adequate remedy at law for the violation of his rights but through the commencement of this litigation.

61. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

62. All of the aforementioned acts deprived the Plaintiff of his rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

63.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

64.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

### VI.  CAUSES OF ACTION

#### A.  FIRST CAUSE OF ACTION

65.  The Plaintiff reiterates Paragraph #'s 1 through 64 and incorporates such by reference herein.

66.  The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

67.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.  The Plaintiff suffered injuries and damages.

#### B.  SECOND CAUSE OF ACTION

69.  The Plaintiff reiterates Paragraph #'s 1 through 68 and incorporates such by reference herein.

70.  The Plaintiff was subjected to excessive force and was assaulted by members of the N.Y.P.D. in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

71. The Plaintiff suffered injuries and damages.

#### C.  THIRD CAUSE OF ACTION

72.  The Plaintiff reiterates Paragraph #'s 1 through 71 and incorporates such by reference herein.

73. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

74. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

75. The Plaintiff reiterates Paragraph #'s 1 through 74 and incorporates such by reference herein.

76. The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of physical violence, assault, handcuffing and stungun/ taser shocks while already in custody and incapacitated, in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

77. The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

78. The Plaintiff reiterates Paragraph #'s 1 through 77 and incorporates such by reference herein.

79. The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

80. The Plaintiff suffered injuries and damages.

### G. SIXTH CAUSE OF ACTION

81. The Plaintiff reiterates Paragraph #'s 1 through 80 and incorporates such by reference herein.

82. The Plaintiff's rights of expression and association were inhibited by his stop, detention, and custodial arrest and imprisonment in violation of his rights as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

83. The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:   New York, New York
         May 30, 2008

Respectfully submitted,

   /wstecklow/
WYLIE M. STECKLOW [WS 6012]
10 SPRING STREET – SUITE 1
New York, New York 10012
[212] 566-8000
[212] 202-4952/FAX
ATTORNEY FOR PLAINTIFF