UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARKEITH GIVENS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, municipal entity, NEW
YORK CITY POLICE OFFICERS "JANE DOE" and
"JOHN DOES", all of the identified and non identified
persons in their individual and in their official capacities,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 5012 (GEL)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein, and that plaintiff was arrested on September 16, 2007 in the vicinity of Morris Avenue and East 170th Street, Bronx, New York, and that he was released from custody approximately two hours after his arrest.

        2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        4.    Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to proceed and invoke the jurisdiction of the Court as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to proceed and invoke the jurisdiction of the Court as stated therein.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff purports to base venue as stated therein.

9. Paragraph "9" of the complaint constitute a demand for a jury trial, rather than any averment of fact, and accordingly no response is required.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "9" of the complaint, except admits that defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York, and that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between the City of New York and the New York City Police Department.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Paragraph "13" of the complaint does not set forth any averments to which a response is required.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested on September 16, 2007 in the vicinity of Morris Avenue and East 170th Street, Bronx, New York, and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning the disposition of the charges against plaintiff.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except states that the allegations concerning when and if plaintiff will amend the complaint is not an averment of fact, and accordingly no response is required.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refers the Court to the New York City Charter.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Jane Doe" and "John Doe" defendants.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint, except admits that plaintiff was transported to the 44th precinct.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "42" of the complaint.

43. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint, except admits that plaintiff purports to proceed as stated therein.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint, except denies the allegation that plaintiff's rights were violated.

61. Paragraph "61" of the complaint sets for a conclusion of law, rather than averment of fact, and accordingly no reasons is required. To the extent a response is required, defendant denies the allegations.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Paragraph "63" of the complaint sets for a conclusion of law, rather than averment of fact, and accordingly no reasons is required. To the extent a response is required, defendant denies the allegations.

64. Paragraph "64" of the complaint sets for a conclusion of law, rather than averment of fact, and accordingly no reasons is required. To the extent a response is required, defendant denies the allegations.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Paragraph "67" of the complaint sets for a conclusion of law, rather than averment of fact, and accordingly no reasons is required. To the extent a response is required, defendant denies the allegations.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

84. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

85. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

86. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

87. The plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

88. Plaintiff's state law claims may be barred for failure to comply with N.Y. Gen. Mun. L. §§ 50-e and 50-i.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

89. At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, it is are entitled to governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

90. There was probable cause for plaintiff's search, arrest, detention, and/or prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

91. Plaintiff provoked any incident with defendant.

**WHEREFORE,** defendant, City of New York, requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        August 22, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                           City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street, Room 3-195
                                        New York, New York 10007
                                        (212) 788-0422

                              By:   /s/
                                     Morgan D. Kunz (MK2938)
                                     Assistant Corporation Counsel
                                     Special Federal Litigation

TO:   Wylie M. Stecklow, Esq.
        Law Office of Wylie M. Stecklow
        Attorneys for Plaintiff
        10 Spring Street, Suite 1
        New York, New York 10012 (By ECF and Mail)

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, MORGAN D. KUNZ, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on August 22, 2008, I served the annexed ANSWER by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Wylie M. Stecklow, Esq.
Law Office of Wylie M. Stecklow
10 Spring Street, Suite 1
New York, New York 10012

Dated: New York, New York
        August 22, 2008

                                                    _____
                                                    Morgan D. Kunz (MK2938)
                                                    Assistant Corporation Counsel
                                                    Special Federal Litigation

Index No. 08 CV 5012 (GEL)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

MARKEITH GIVENS,

Plaintiff,

-against-

THE CITY OF NEW YORK, municipal entity, NEW YORK CITY POLICE OFFICERS "JANE DOE" and "JOHN DOES", all of the identified and non identified persons in their individual and in their official capacities,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Morgan D. Kunz*
*Tel: (212) 788-0422*
*NYCLIS No. 2008-021349*

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................................................................., 200...*

*.................................................................................................... Esq.*

*Attorney for.............................................................................................*